UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATHENA DIAGNOSTICS, INC.,<br>Plaintiff,<br><br>v.<br><br>WEIGHT INTERVENTION AND SURGICAL<br>HEALTHCARE HOLDING, LLC, d/b/a THE<br>WISH CENTER, LLC.,<br>Defendant. | Civil Action No. _____<br><br>05-40061 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff Athena Diagnostics, Inc. ("Athena") brings this civil action against defendant Weight Intervention and Surgical Healthcare Holding, LLC, d/b/a The WISH Center ("The WISH Center" or "defendant"), for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and violations of MASS. GEN. LAWS ch. 93A, § 11. These claims stem from the bad faith business practices of The WISH Center, which not only refuses to pay $106,125.53 it currently owes in back payments for testing services provided pursuant to a distribution agreement with Athena, but also, upon information and belief, continued to purchase and profit from these tests long after it became apparent that the defendant no longer had the financial ability to pay Athena. When pressed on its outstanding debt, two representatives of The WISH Center, including its President and Chief Financial Officer, gave separate and divergent excuses to explain The WISH Center's reasons for non-payment. Such conduct not only gives rise to the contractual claims, but also constitutes an unfair and deceptive trade practice in violation of MASS. GEN. LAWS ch. 93A, § 11.

RECEIPT # 404549
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. _____
DATE 4-7-05

## PARTIES

2.   Athena is a privately owned company incorporated under the laws of Delaware and with a principal place of business at Four Biotech Park, 377 Plantation Street, Worcester, Massachusetts.

3.   The WISH Center is a corporation organized and existing under the laws of Illinois with a corporate headquarters at 2801 Finley Road, Suite 220, Downers Grove, Illinois. The WISH Center operates at least five healthcare centers throughout the country and targets a nationwide customer base for its specialty gastric bypass surgical procedures through its Internet website (www.wishcenter.org).

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## BACKGROUND FACTS

5.   Athena is a private research laboratory dedicated to the development of diagnostic testing for neurological disorders. Since its founding in 1989 as Genica Pharmaceuticals, Inc., Athena's diagnostic testing expertise has grown to encompass peripheral nerve disorders, neurogenetic disorders, Alzheimer's disease, paraneoplastic syndromes, movement disorders, neuromuscular disorders, and ataxia. Athena holds or licenses over seventy-five patents in these areas and employs over 12 scientists and board certified physicians.

6.   Athena launched its ApoE Genotype Analysis test in December of 1993 as a test that gauged the likelihood of a patient developing Alzheimer's disease. The apolipoprotein E (ApoE) test determines the presence or absence of certain alleles that then predict the progression of Alzheimer's disease and assess the risk of other diseases and medical conditions.

7. In the spring of 2003, The WISH Center approached Athena and sought to establish a defined relationship for their testing needs. In April of 2003, Athena and The WISH Center entered into a contract ("the Contract") whereby The WISH Center agreed to purchase Athena's ApoE Genotype Analysis tests at a reduced price in exchange for a continuous, uninterrupted supply of the tests and a result report specifically tailored for The WISH Center. The Contract provided that The WISH Center would pay the reduced price of $140.00 per test until December 31, 2003 when Athena would have the option of raising the price by 5% per year until the agreement was renegotiated or terminated.

8. From April of 2003 until Athena terminated the Contract with The WISH Center in March of 2005, The WISH Center sent its blood samples directly to Athena's main office in Worcester, Massachusetts for processing. The WISH Center also sent all of its payments to Worcester and conducted all of its business with John McAuliffe, Athena's Director of Corporate Accounts, who was also based in Worcester.

9. In November of 2003, a month before Athena's contractual option to raise its price by 5% would have been triggered, The WISH Center renewed negotiations and sought a deeper discount on the ApoE Genotype Analysis test. As an accommodation to The WISH Center and as a gesture of its good faith, Athena agreed to the additional discount – lowering the price per test from $140.00 to $130.00 – in an effort to "keep a good account happy for a long time into the future." The new price was approved by Robert Flaherty, Athena's Chief Executive Officer, on November 25, 2003, and was scheduled to go into effect from January 1, 2004 through December 31, 2005.

10. Throughout 2004, The WISH Center continued ordering the ApoE Genotype Analysis tests from Athena at a steady rate, but it stopped paying the bills for these tests in a

timely manner. Specifically, The WISH Center began building up outstanding balances and then paying them off in the aggregate, thus lulling Athena into a false sense of security regarding The WISH Center's good faith with regards to its financial and contractual obligations.

11. During this time The WISH Center also began slowly closing accounts for tests that were being sent to branch offices in Texas, Florida and Utah. The WISH Center represented that these account closings were merely the result of a lack of profitable business in these respective cities; it was never represented that The WISH Center was having larger financial problems.

12. By February of 2005, The WISH Center's outstanding balance stood at over $100,000 and Athena had received no payment since September of 2004. In late February of 2005, Mr. McAuliffe contacted Dr. Christopher Salvino, President of The WISH Center, regarding his company's non-payment of its outstanding balance. During the phone call, Dr. Salvino acknowledged the lack of payment, but explained that it was solely the result of a restructuring in The WISH Center's billing department. Dr. Salvino assured Mr. McAuliffe that the internal problems had been cured and payment for the outstanding balance would be made in full within 60 days. Mr. McAuliffe offered to provide The WISH Center with 90 days to make good on its debt, but Dr. Salvino insisted that The WISH Center only needed 60 days to fulfill its obligations. Dr. Salvino never indicated that The WISH Center was experiencing financial problems at this time, and in reliance on this conversation Athena continued to process ApoE Genotype Analysis tests for The WISH Center.

13. In order to identify the nature of The WISH Center's plans for payment, Jeffrey Weisberg, Athena's Chief Financial Officer, contacted Richard Meyer, The WISH Center's Chief Financial Officer, to discuss The WISH Center's outstanding balance. On March 21,

2005, Mr. Weisberg spoke with Mr. Meyer and, for the first time, Athena learned of The WISH Center's dire financial condition. During this conversation, Mr. Meyer admitted that The WISH Center's financial position had degraded to the point that its bank had taken away its ability to pay outstanding bills. Further, an outside investor group had come in to purchase The WISH Center but it, too, had put severe limits on when and how outstanding bills could be paid. During this conversation, Mr. Weisberg expressed his frustration with The WISH Center's business tactics of continually ordering and profiting from the tests of its vendors after it was obvious the bills were not, and likely could not, be paid for these tests.

14. On March 24, 2005, Mr. Weisberg again spoke with Mr. Meyer, who represented that The WISH Center could pay $20,000 of its $106,125.53 debt but he was unclear when he could actually release that check. Given the misrepresentations made previously by The WISH Center regarding its financial viability, Mr. Weisberg was unsatisfied with this potential 20% payment that might be released at an uncertain time.

15. Athena placed numerous calls before and after this last conversation between Mr. Weisberg and Mr. Meyer on March 24, 2005, and none have been returned. On March 30, 2005, Athena directed its attorneys to terminate the Contract with The WISH Center and to demand payment within seven days. The WISH Center did not respond or otherwise acknowledge this demand letter.

16. The defendant's intentional actions have not only breached the Contract with Athena, but it also preyed upon and took unfair advantage of Athena's good faith efforts to appease what it hoped would be a stable, long-term business partner. The WISH Center's gross misrepresentations, both in words and actions, amount to fraudulent conduct that constitute an unfair and deceptive trade practice in violation of MASS. GEN. LAWS ch. 93A, § 11.

## COUNT I
## (Breach of Contract)

17.     Athena repeats and realleges the allegations contained in paragraphs 1 through 16 as if set forth fully herein.

18.     The WISH Center breached the Contract entered into by the parties in April of 2003, and then renegotiated in November of 2003, by refusing to pay the agreed upon price for the testing services provided by Athena.

19.     As a result of The WISH Center's breach, Athena has suffered damages.

## COUNT II
## (Unjust Enrichment)

20.     Athena repeats and realleges the allegations contained in paragraphs 1 through 19 as if set forth fully herein.

21.     The WISH Center has received goods and services from Athena that it has refused to pay for pursuant to the Contract entered into by the parties in April of 2003 and renegotiated in November of 2003. The WISH Center would be unjustly enriched if allowed to profit from these goods and services without any remuneration to Athena.

22.     In addition to other relief, Athena is entitled to be paid the fair market value for every test provided to The WISH Center and processed by Athena.

## COUNT III
## (Breach of the Covenant of Good Faith and Fair Dealing)

23.     Athena repeats and realleges the allegations contained in paragraphs 1 through 22 as if set forth fully herein.

24.     A covenant of good faith and fair dealing inheres in the Contract between the parties as well as their successors and assignees.

25.     The WISH Center, through its actions and misrepresentations, has breached the implied covenant of good faith and fair dealing to the detriment of Athena.

## COUNT IV
### (Violation of MASS. GEN. LAWS ch. 93A, § 11.)

26.     Athena repeats and realleges the allegations contained in paragraphs 1 through 25 as if set forth fully herein.

27.     At all times relevant hereto, Athena and The WISH Center were engaged in the conduct of a trade or commerce within the meaning of MASS. GEN. LAWS ch. 93A, § 11.

28.     The WISH Center's conduct – through its negotiations, bill payment, and conversations with Athena – occurred primarily and substantially in the Commonwealth of Massachusetts.

29.     The actions and misrepresentations of The WISH Center, as described above, constitute unfair and/or deceptive practices prohibited by MASS. GEN. LAWS ch. 93A, § 11. Specifically, the misrepresentations made by The WISH Center to representatives from Athena regarding its financial stability and the continual abuse of Athena's vendor services – even after it became clear that such services would not be remunerated – constitutes fraudulent misrepresentation.

30.     The actions of The WISH Center, as described above, were performed willfully and knowingly.

31.     As a result of The WISH Center's violation of MASS. GEN. LAWS ch. 93A, § 11, Athena has suffered substantial direct, incidental and consequential damages.

**WHEREFORE**, Athena respectfully prays for a judgment in its favor and requests that the Court grant the following relief:

a) Enter judgment for Athena on Counts I-IV in an amount to be determined at trial;

b) Enter judgment for Athena on Count IV (Violation of MASS. GEN. LAWS ch. 93A, § 11) in an amount not less than double, nor more than triple, Athena's damages, plus interest, costs, and reasonable attorneys' fees;

c) Order The WISH Center to pay to Athena all costs, interest, and reasonable attorneys' fees incurred by Athena in connection with this matter; and

d) Grant such additional relief as the Court deems just and appropriate.

### JURY DEMAND

Athena respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

**ATHENA DIAGNOSTICS, INC.**

By its attorneys,

William M. Hill, BBO # 546160
Philip J. Catanzano, BBO # 654873
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: April 7, 2005

# CIVIL COVER SHEET

05-40061

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ATHENA DIAGNOSTICS, INC.

**DEFENDANTS**
WEIGHT INTERVENTION AND SURGICAL HEALTHCARE HOLDING, LLC, d/b/a THE WISH CENTER, LLC

(b) County of Residence of First Listed Plaintiff **WORCESTER**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **DUPAGE CTY, ILLINOIS**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William Hill, Philip Catanzano, Mintz Levin Cohn Ferris Glovsky & Popeo, One Financial Center, Boston, MA. 02111 (617-542-6000)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 (diversity) and M.G.L. ch. 93A, Section 11.
Brief description of cause:
Breach of contract, unfair/deceptive trade practices in violation of MA. consumer protection law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/07/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**05-40061**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Athena Diagnostics, Inc. v. Weight Intervention and Surgical Healthcare Holding, LLC, d/b/a The WISH Center, LLC

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   No related cases.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [x]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  William Hill and Philip Catanzano
ADDRESS  Mintz Levin Cohn Ferris Glovsky & Popeo, One Financial Center, Boston, Massachusetts 02111
TELEPHONE NO.  (617) 542-6000, Fax (617) 542-2241

(CategoryForm.wpd - 2/15/05)